March 4, 2011

Assistant United States Attorney David Tobin
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210

Re:   United States v. Jose Baez
      Criminal No. 10CR10275DPW

Dear Attorney Tobin:

1) Pursuant to Local Rule 116.2(b)(1)(D) and (E), the Defendant respectfully requests that the United States produce the address, date of birth, and criminal history or pending criminal charges for each government witness;
2) Pursuant to Local Rule 116.2(A)(1), the Defendant respectfully requests that the United States provide the Defendant with a list of any and all individuals connected to any of the indicted fires (by way of residence, employment, or ownership), which the United States or its agents know as having a criminal history related to arson or criminal property damage;
3) Pursuant to Local Rule 116.2(A)(1), the Defendant respectfully requests that the United States produce any and all records, reports or information concerning other individuals identified as suspects or persons of interest in any of the fires contained in the instant indictments including, but not limited to:
    a.   National Grid employee, which Dr. Jack Klausner identified as suspicious (BS 334)[1];
    b.   Stephanie Magnus-Redinger, a former employee of Back Bay Dental who filed a lawsuit relative to her employment status (BS 335);
    c.   Unidentified individual who had a parking dispute with Back Bay Dental (BS 334);

---

[1] For ease of reference, where applicable I have cited to the bates stamp pages referencing the requested materials

      d.    Unidentified neighbors who had a dispute relative to the back door of 21 Bay State Road (BS 335);
      e.    Unidentified individual, who John McElroy accused of setting fires (BS 274); and/or
      f.    Individual who filed a worker's compensation claim against JP Auto Body (BS 299);

4) Pursuant to Local Rule 116.2(A)(1), the Defendant respectfully requests that the United States produce any and all information known to it relative to any similar fires evidencing elements of the Defendant's alleged modus operandi, before, during, and after the time period which the United States alleges in the instant indictments;

5) Any and all video recordings within the custody or control of the United States, including but not limited to:
      a.    Recorded interview of Defendant (BS 41);
      b.    Video reflecting execution of search warrant relative to vehicle (BS 202);
      c.    Video reflecting search warrant execution at 156 Columbia Road, Dorchester, MA (BS 190);
      d.    Video reflecting search of 21 Ivory Street, West Roxbury, MA (BS 196);
      e.    August 9, 2010 surveillance footage from 156 Columbia Road, Dorchester, MA (BS 177);
      f.    Video surveillance footage of Mobil gas station in Mattapan, MA (BS 339);
      g.    Video surveillance footage from Dunkin Donuts 4165 Washington Street, Roslindale, MA (BS 207); and
      h.    Surveillance footage of 7-11, 451 Centre Street, Jamaica Plain, MA from April 28, 2009 to April 29, 2009 (BS 301);

6) Pursuant to Local Rule 116.4, the Defendant respectfully requests that the United States produce any and all audio recordings in its possession, custody, and control, including 911 calls relative to the fires charged in the instant indictments;

7) The Defendant respectfully requests that the United States produce any and all photographs within its possession, custody, or control, including photographs documenting fire scenes, search warrant executions, and surveillance footage, including, but not limited to:
  a) Digital images of Chevy Caprice taken January 24, 2010 (BS 348);
  b) Photographs of Iffley Road, Jamaica Plain, MA garage search warrant execution (BS 167);

   c) Photographs reflecting search warrant execution relative to the Chevy Caprice (BS 250);
   d) Any and all photo arrays, including those which agents showed to Alex Gonzalez (BS 162); and
   e) Photographs of Acura and Caprice which agents showed to Alex Gonzalez (BS 163);
8) Production of all documents which the United States seized or which it intends to use at trial, including but not limited to:
   a) Any and all police reports or witness statements related to the instant indictments;
   b) Any and all cause and origin fire reports;
   c) Any search warrants, affidavits, and returns;
   d) Any consent to search forms;
   e) Any written or recorded witness statements;
   f) Any telephone records including, but not limited to:
      i) Records documenting calls to JP Auto Body (BS 134);
      ii)  Records documenting calls to Back Bay Dental (BS 137);
   g) Description of and copies of all documents seized from vehicles or places;
   h) These requests also specifically include:
      i) paperwork reflecting relationship between the Defendant and JP Auto Body (BS 205);
      ii)  Auto repair invoice and business card located at 21 Ivory Street (BS 200);
      iii) Description of or photograph of Whole Foods apron located at 21 Ivory Street (BS 199);
   i) Copy of RMV query regarding Chevy Caprices – including search parameters – and results of each person excluded as possible suspect and upon which criteria (BS 333);
   j) Any documents or records in the possession, custody, or control of the United States relative to repairs conducted on the Defendant's Chevy Caprice;
   k) Any documents or records in the possession, custody, or control of the United States relative to the Defendant's dispute, if any, with Back Bay Dental;
   l) Back Bay Dental patient list (BS 135);
   m) Items recovered during search of 156 Columbia Road including maps, index card – Fresh Pond, Cambridge, MA Whole Foods Market, and gambling ledgers (BS 192 – 194);
   n) Any data recovered from computer located at 156 Columbia Road, Dorchester, MA (BS 194);
   o) Any documents or records in the possession, custody, or control of the United States regarding the

     Defendant's dispute, if any, with residents or persons having an interest in 11 Firth Road;
- p) Any documents or records in the possession, custody, or control of the United States regarding the Defendant's dispute, if any, with Whole Foods Market;
- q) Any police reports or records which police reviewed involving the Defendant, where Defendant gave his address as 156 Columbia Road, Dorchester, MA and the date agents performed those queries (BS 58);
- r) NStar or other similar utility records which agents obtained matching the Defendant's name to 156 Columbia Road, Dorchester, MA;
- s) Consent to search Iffley Road Garage, which Eugene Villar gave agents (BS 164)
- t) Medical records of any victims or persons injured in connection with any of the instant fires;
- u) Boston Fire Report 09-21982, dated 4/29/09 (BS 297);
- v) Report of Sergeant Steve Cunningham regarding use of his dog "Yatzee" (BS 202);
- w) Any documents, records, newspaper clippings, or videos maintained by the Defendant regarding any fires (BS 53-54); and
- x) Regarding the GPS tracking device installed on the Defendant's vehicles:
  - i) Identification of alert criteria which agents utilized; and
  - ii) Service records of the GPS device, including the dates, times, and locations where the GPS device was serviced or the battery replaced, and the identity of the agents involved in said service;
9) The Defendant respectfully requests that the United States produce copies of the results or reports of any physical or mental examination of any witness and of any scientific test or experiment, including but not limited to:
   a) Laboratory reports relative to clothing and other items recovered from the Defendant or his vehicle;
10) The Defendant respectfully requests that the United States disclose the name, address, and curriculum vitae of any prospective expert witness, as well as a written summary of any expert witness's testimony and reports, which the expert witness prepared, including, but not limited to:
   a) Special Agent Ronald Tunkel (BS 53);
   b) K-9 Sergeant Steve Cunningham, including K-9 and handler qualifications and certifications, any

  activity logs, and any record of false positive alerts relative to "Yatzee" (BS 202);

11) Pursuant to Local Rule 116.3(A), the Defendant respectfully requests discovery notice as to any informers in this case as follows:
   a) All informer proffers leading to leniency;
   b) Agreements not to prosecute;
   c) Any information revealing any variation in the proffered testimony;
   d) Any information that reveals the nature of the negotiations that led to leniency agreements or agreements not to prosecute;
   e) Any proffers made by informer's lawyer; and
   f) Any notes or documents created by the Government reflecting defense proffers, testimonial variations, and the nature of the negotiation process leading to the informer's leniency. [United States v. Sudikoff, 36 F.Supp. 2d 1196 (C.D. Cal. 1999)];

12) Pursuant to Local Rule 116.3(A), the Defendant respectfully requests discovery notice in regard to the United States's intention to use the Residual Hearsay Exception under Federal Rule of Evidence 807.  Namely the Defendant requests that the Government provide notice of its intent to offer any statement which the hearsay exceptions set forth in Rules 803(1) through (23) and 804(b)(1) through (4) do not specifically cover but have equivalent circumstantial guarantees of trustworthiness, and to provide notice of the particulars of this statement, including the name and address of the declarant;

13) The Defendant, pursuant to Local Rule 116.3(A), requests the following:
   a) Federal Rule of Evidence 404(b):
      i) The existence of any prior or subsequent bad acts, if any, of the Defendant or any witness [see United States v. Tuesta – Toro, 29 F.3d 771 (1st Cir., 1994) cert. denied 513 U.S. 1132, and United States v. Trenkler, 61 F.3d 45 (1st Cir., 1995)]; or convictions of (a) the Defendant; (b) any co-defendants, whether indicted or not; and (c) any co-conspirator, whether indicted or not;
      ii) A statement of whether the United States intends to offer, under Fed. R. Evid. 404(b) as set forth above in 1(a) through (c), evidence of any such prior or subsequent bad acts, if any, against the Defendant, or any other codefendants during the trial of this indictment, together with a

    description of the method or means by which the United States intends to introduce such evidence, including but not limited to: (a) providing the names and addresses of all witnesses which the United States intends to call to offer such evidence. United States v King, 121 F.R.D. 277, 281 (E.D.N.C. 1988); United States v Baum, 482 F.2d 1325, 1332 (2d Cir. 1973); See also United States v Turkish, 458 F.Supp. 874 (S.D.N.Y. 1978), aff'd., 623 F.2d 769 (2d Cir. 1980); United States v Price, 448 F.Supp. 503, 505 (D. Colo. 1978); United States v Shoher, 555 F.Supp. 346, 354 (S.D.N.Y. 1983); (b) the dates, times, places, and persons involved in said "other crimes, wrongs or acts;" (c) any statements of any participant in "other crimes, wrongs or acts;" (d) the issue or issues on which the Government relies in its contention that such "other crimes, wrongs or acts" evidence is relevant and admissible under Fed. R. Evid. 404(b). United States v Roybel, 566 F.2d 1109 (9th Cir. 1978); United States v Stofsky, 409 F.Supp. 609 (S.D.N.Y. 1973);

iii) Any documents, reports or statements of any such witness relating to, referencing, or regarding such bad acts or convictions, including when the documents were prepared, who prepared the document and who has possession of the documents. See, e.g., United States v Baum, 482 F.2d at 1332;

iv) If the United States intends to seek the admission into evidence of "other crimes, wrongs, or acts" of Defendant, the Defendant requests, pursuant to Fed. R. Evid. 404(b), that the United States provide in writing no later than ten days prior to the start of the trial, see United States v. Williams, 792 F. Supp. 1120, 1133 (S.D. Ind. 1992) (ordering disclosure within 10 days prior to trial): (a) the general nature of any such evidence, including the date, time, place, and a brief description of the alleged crime, wrong, or act, See United States v. Baum, 482 F.2d 1325 (2d Cir. 1973); and (b) the identity of the witness(es) it intends to present with respect to such "other crimes, wrongs, or acts." Id. at 1331-32. Fed. R. Evid. 404; (b) whether such evidence is intended to reduce surprise and promote early resolution of the issue of admissibility. Because reasonable, pre-trial disclosure "serves as a condition precedent to

       admissibility of Rule 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met" either in the sufficiency of the advance notice or the particularity of the disclosure. See Fed. R. Evid. 404, Advisory Committee Notes, to 1991 Amendments.
  b) Federal Rule of Evidence 608(b):
    i) To provide evidence of any "specific instances of conduct" of the Defendant as that phrase is used in Fed. R. Evid. 608(b).
    ii) In regard to such notice, the Government should identify and describe: (a) the dates, times, places and persons involved in "specific acts of conduct"; (b) the statements of each participant in any "specific acts of conduct"; and (c) the documents which contain or evidence any "specific acts of conduct", including when the documents were prepared, who prepared the document and who has possession of the documents.
  c) Federal Rule of Evidence 609;
14) To state whether or not the Government intends to offer any evidence of any prior criminal conviction of the accused, should he testify, pursuant to Fed. R. Evid. 609, and, if so, to state the particulars of the conviction if any;
15) Pursuant to Local Rule 116.3 the Defendant requests that portion of any written record containing the substance of any relevant oral statement made by the Defendant whether before or after arrest in response to interrogation by any person known to the Defendant to be a government agent, including any handwritten notes containing the substance of such statement. See <u>United States</u> v. <u>Brian Vallee</u>, August 5, 2005, No. 04-40026-FDS;
16) The Defendant requests, pursuant to Fed. R. Crim. P. 12(b)(4)(B) notice concerning any evidence the Government intends to introduce that may be subject to a motion to suppress under Fed. R. Crim. P. 12(b)(3)(C):
  a) Pursuant to Fed. R. Crim. P. 16(a)(1)(E) and 16 (a)(1)(F) the Defendant requests disclosure;
17) Please identify all promises, rewards, inducements, or immunity granted to any of the government's witnesses or informants in this case. If the Government has granted immunity to an individual, please also provide defense counsel with the actual immunity agreement;
18) Please provide defense counsel with all <u>Jencks</u> material;

7

19) Please provide defense counsel with all <u>Giglio</u> material;
20) Please provide defense counsel with all <u>Brady</u> material and exculpatory evidence;
21) Please provide defense counsel with a copy of the prosecution memorandum in this case requesting approval to seek an indictment.

                                Very truly yours,
                                Respectfully submitted,
                                Jose Baez,
                                By his Attorney,

                                /s/ Murat Erkan_____
                                Murat Erkan, BBO No: 637507
                                Erkan & Associates
                                300 High Street
                                Andover, Massachusetts 01810
Date: March 4, 2011    (978) 474-0054

## CERTIFICATE OF SERVICE

    I, Attorney Murat Erkan, counsel for the Defendant, Jose Baez, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 4, 2011.

                                /s/ Murat Erkan_____
Date:  March 4, 2011