UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

                                    )
UNITED STATES OF AMERICA            )
                                    )
v.                                  )     Criminal No:  10CR10275DPW
                                    )
JOSE BAEZ                           )
                                    )

                    DEFENDANT'S MOTION TO REVOKE
                      PRETRIAL DETENTION ORDER

Defendant Jose Baez, by and through counsel, respectfully moves this Honorable Court, pursuant to 18 U.S.C. §3145(b), to revoke Magistrate Justice Hillman's order of detention, entered in this case on August 16, 2010, and instead to order that Jose Baez be released pending trial. As grounds for this request, Jose Baez states as follows:

1. Jose Baez was arrested on August 9, 2010 and charged with arson in violation of 18 U.S.C. §844(i). The Government moved for detention pursuant to 18 U.S.C. §§3142(f)(1)(A), (f)(2)(A), and (f)(2)(B). The Defendant was detained pending a detention hearing.

2. On August 10, 2010, the Defendant appeared before Magistrate Judge Hillman for a detention hearing. Following the aforementioned hearing, Magistrate Judge Hillman found probable cause. Judge Hillman took the matter of detention under advisement until August 16, 2010. On August 16, 2010 Judge Hillman ordered the Defendant detained.

3.   On September 8, 2010, the Defendant was indicted on a single count of arson.  The Defendant was arraigned on this charge on October 4, 2010 before Magistrate Judge Hillman.

4.   On November 10, 2010 the Government returned a superseding indictment alleging a total of four arsons.   The Defendant was arraigned on these charges on November 19, 2010 before Magistrate Judge Hillman.

5.   The Government based its arrest of the Defendant on information it obtained from the warrantless installation of GPS devices on the Defendant's vehicles.

6.   On September 1, 2011 the Defendant filed a motion to suppress evidence based on the warrantless installation of the GPS devices.

7.   On January 23, 2012 the United States Supreme Court decided in the case of <u>United States</u> v. <u>Jones</u>, __ U.S. __ (No. 10-1259, 2012 slip opinion) that the installation of a GPS monitoring device on a vehicle requires that the Government obtain a search warrant.

8.   Because the Supreme Court's ruling controls the issue which the Defendant's motion to suppress presents, the Defendant respectfully requests that this Honorable Court reconsider the Defendant's detention order and release him subject to the supervision of pretrial services.

9.   The Defendant is 40 years old.  He was born in the Dominican Republic and came to the United States when he was

around sixteen years old.  He is a naturalized United States citizen.  The Defendant has no children and has never married.  The Defendant's mother and father reside in Jamaica Plain, Massachusetts in separate residences.  The Defendant has two sisters, who reside in Hyde Park, Massachusetts, a brother, who resides in Lowell, Massachusetts, and another brother, who resides in West Roxbury, Massachusetts.  The Defendant also has four half-siblings and numerous aunts, uncles, and cousins, who reside in the Dominican Republic.

10.  The Defendant had lived on Columbia Avenue in Dorchester, Massachusetts for twelve years prior to his detention.

11.  Prior to that, he lived with his mother and siblings in Hyde Park, Massachusetts.

12.  The Defendant completed high school through the eleventh grade.  For seven months prior to his detention, the Defendant had been employed at a clothing chain store.  For thirteen months prior to that, he worked as a cashier at a grocery chain store.  For thirteen years prior to that, he worked as a cashier at another grocery store chain.

13.  The Defendant has a minimal prior criminal record.  A charge of driving with a suspended/revoked license was continued without a finding and he was convicted of a compulsory insurance violation—for which he paid a fine.  Both of these cases are from the early/mid 1990's.

14. The Defendant does not have any convictions for violence or assaultive behavior.

Wherefore, for these reasons and any such reasons that shall appear to the Court, the Defendant, Jose Baez, respectfully requests that this Honorable Court grant his motion.

                              Respectfully submitted,
                              Jose Baez,
                              By and through his attorney,

                              /s/ Murat Erkan
                              Murat Erkan, BBO: 637507
                              Erkan & Associates, LLC
                              300 High Street
                              Andover, MA  01810
                              (978) 474-0054

### CERTIFICATE OF SERVICE

I, Attorney Murat Erkan, counsel for the Defendant, Jose Baez, hereby certify that this motion, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 23, 2012.

                              /s/ Murat Erkan_____

Date:  January 23, 2012