**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*    *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

January 25, 2012

The Honorable Douglas P. Woodlock
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, MA 02210

    Re: Citation of Supplemental Authority in U.S. v. Jose L. Baez, 10-CR-10275-DPW

Dear Judge Woodlock:

    In United States v. Jones, No. 10-1259 (Jan. 23, 2012), the Supreme Court held that "the Government's installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a 'search'" within the meaning of the Fourth Amendment. Slip op. at 3. The Court did not consider the government's alternative argument -- that warrantless installation and use of the GPS device could be justified by reasonable suspicion -- holding that the argument was "forfeited" because the government had not raised it below. Slip op. at 12.

    In the present case, the government has explicitly argued that even if attaching a GPS device to the exterior of Baez's car and monitoring its movements on public roads was a search, as follows from Jones, these actions were reasonable under the Fourth Amendment and did not require a warrant. Government's Response to Defendant's Motion to Suppress Evidence ("Government's Response") at pp. 31-34. In this regard, the government brings to the Court's attention the First Circuit's opinion in United States v. Moore, 562 F.2d 106 (1977).

    Moore preceded the Supreme Court's opinion in United States v. Knotts, 460 U.S. 276 (1983) and, before Jones, appeared to have been overruled by Knotts. See United States v. Sparks, 750 F. Supp 2d. 384, 393 n.9. Jones has now revivified Moore.

    Both the Moore and Jones courts found that the placement and monitoring of a tracking device constituted a search under the Fourth Amendment. The inquiry before the Jones court ended there. In Moore, as here, the question remained whether a warrant was required given a

Citation of Supplemental Authority
January 25, 2012
Page 2

cognizable search. The First Circuit concluded in Moore that a warrant was not necessary in light of the lesser expectation of privacy in automobiles.

     Applying the reasonable expectation privacy test first set forth in United States v. Katz, 389 U.S. 347 (1967), the First Circuit found that there had been a search and seizure where "a honing (sic) device was surreptitiously implanted in private property [the left rear undercarriage of a van] in order to enhance the agents' ability to shadow the property and it's possessors." Moore, 562 F. 2d at 112. The Court then held:

> We think it in keeping with Supreme Court precedent in other vehicular context to hold while the lessened expectation of privacy associated with motor vehicles justifies the use of beepers without a warrant to track vehicles, this can be done only if the officers have probable cause at the time. A rule disposing of a warrant requirement with the movement of vehicles on public roads is involved, accommodates the genuine law enforcement interest in moving quickly to keep track of suspected criminals and is analogous with the application of the fourth amendment to motor vehicles in other contexts. On the other hand, by not licensing the indiscriminate use of beepers, it maintains a significant degree of protection. Id. at 112-13 (internal citations omitted; capitalization as in the original).

     While the Moore court left partially unresolved whether a more relaxed "reasonable cause" standard might possibly be warranted, id. at 113 n.3, the ATF agents in the present case had probable cause to use a GPS device to monitor the location of Baez's Chevrolet Caprice automobile throughout the time the device was attached to it. As detailed in the Government's response to pages 2-5, agents had probable cause to believe that Baez had committed at least two prior arsons, was a serial arsonist, and would use his Chevrolet Caprice when committing another arson.

                                                         Respectfully submitted,

                                                          CARMEN M. ORTIZ
                                                          United States Attorney

                     By:    /s/ Stephen P. Heymann
                             STEPHEN P. HEYMANN
                             Assistant U.S. Attorney

cc:     Murat Erkan
        Counsel for Defendant
        Jose L. Baez