UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

                                  )
UNITED STATES OF AMERICA          )
                                  )
        v.                        )   CRIMINAL NO. 10-MJ-10275-DPW
                                  )
JOSE L. BAEZ                      )
                                  )

           GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO
                   REVOKE PRETRIAL DETENTION ORDER

    Defendant has moved the court to revoke his pretrial detention order solely citing the Supreme Court's recent decision in *United States v. Jones*, 132 S. Ct. __, 2012 WL 71117 (Jan. 23, 2012) as his basis.  Presumably he wants the court to conclude, absent any factual showing, that *Jones* eviscerates the government's case.  As the expansive factual summary contained in the government's First Supplemental Response to Defendant's Motion to Suppress Evidence reflects, the evidence wholly independent of the Global Positioning System (GPS) tracking information is substantial and more than sufficient to convict Defendant of the four arson fires charged in the Superseding Indictment.

    Defendant was the prime suspect in the Back Bay Dental Care and Jamaica Plain Auto Body arson fires prior to the installation of the GPS device on his Chevrolet Caprice.  The GPS evidence linking Defendant to the Firth Road arson fire is substantially duplicative of wholly independent video evidence obtained from the surveillance camera placed outside Defendant's apartment

building by the building's owner and traffic cameras along the street in front of his residence. The video recordings show Defendant's dark colored Caprice leaving his residence just before the Firth Road arson fire and returning to his residence shortly after the fire was reported.

For the reasons stated in the government's First Supplemental Response, pursuant to *Davis v. United States*, 131 S. Ct. 2419 (2011), suppression of evidence derived from the GPS is an unnecessary and inappropriate remedy. As explored more fully in the government's First Supplemental Response, even in the event that this court believes that suppression of the GPS information is an appropriate remedy, the amount of derivative evidence that consequently should be suppressed is minimal.

Magistrate Judge Hillman reasonably concluded that Defendant's release pending trial would pose a safety risk to the community, and that Defendant was a flight risk. Defendant is charged with being a serial arsonist whose arson fires have caused both extensive damage to multiple properties and the risk of serious injury to numerous individuals. The *Jones* decision makes Defendant no less a safety risk or a flight risk.

The government's case against Defendant is strong and suppression of evidence derived from the GPS will not result in the dismissal of any counts of the Indictment. The government respectfully requests that this Honorable Court deny Defendant's

motion.

>                           Very truly yours,
>
>                           CARMEN M. ORTIZ
>                           United States Attorney
>
>                       By:/s David G. Tobin
>                           DAVID G. TOBIN
>                           Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

>                           /s/ David G. Tobin
>                           DAVID G. TOBIN
>                           Assistant United States Attorney

Date: February 13, 2012