UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

File Number 10-10275-DPW

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| JOSE BAEZ | ) |

## AMENDED OBJECTIONS TO PRE-SENTENCE REPORT

The Defendant, by and through undersigned counsel, hereby submits the following amended objections to the pre-sentence report prepared in this matter.

**OBJECTION #1:  ¶ 1**

The Defendant seeks merely to have the PSR amended to reflect the accurate year that he was arrested – 2010 as opposed to 2012.

**AMENDED OBJECTION: WITHDRAWN** as the report has since been amended.

**OBJECTION #2:  ¶ 6**

While the Defendant admits that he has received three disciplinary reports, he objects to the merits of the reports as they contain allegations which are factually disputed.  The Defendant reserves his right to challenge those facts should the Court deem those facts relevant to sentencing.

**AMENDED OBJECTION:  None**

**OBJECTION #3:  ¶ 14**

The Defendant objects to some or all of the factual representations made by the Government in the instant paragraph, and should the Court rely upon said facts in aid of sentencing, the Defendant holds the Government to its proof.

**AMENDED OBJECTION:  The Defendant admits that he set the fire at 11 Firth Road, and had a motivation to do so.  The Defendant does not also dispute that he knows Ana Pena.  The Defendant DENIES that he was involved in the Dominican Lottery.  The**

**Defendant does not request an evidentiary hearing on this issue, as he does not believe it pertinent to the issues at hand.**

**OBJECTION #4:  ¶ 15**

>   The Defendant objects to some or all of the factual representations made by the Government in the instant paragraph, and should the Court rely upon said facts in aid of sentencing, the Defendant holds the Government to its proof.

**AMENDED OBJECTION:  WITHDRAWN.**

**OBJECTION #5:  ¶ 16**

>   The Defendant objects to some or all of the factual representations made by the Government in the instant paragraph, and should the Court rely upon said facts in aid of sentencing, the Defendant holds the Government to its proof.

**AMENDED OBJECTION:  The Defendant admits that he set the fire at 11 Firth Road, and had a motivation to do so.  The Defendant does not also dispute that he knows Manuel Pena.  The Defendant DENIES that he was involved in the Dominican Lottery.  The Defendant does not request an evidentiary hearing on this issue, as he does not believe it pertinent to the issues at hand.**

**OBJECTION #6: ¶ 17**

>   The Defendant objects to the factual representation that he used the Google search engine to search "roslindale ma house on fire", and should the Court rely upon said facts in aid of sentencing, the Defendant holds the Government to its proof.

**AMENDED OBJECTION:  None, as the Defendant was arrested immediately after the fire, and has no recollection of performing any searches on any computer regarding this fire.**

**OBJECTION #7:  ¶ 25**

>   The Defendant objects to the factual representation that "he" used the computer to perform various searches of fires. Should the Court rely upon said facts in aid of sentencing, the Defendant holds the Government to its proof.

**AMENDED OBJECTION:  WITHDRAWN.**

**OBJECTION #8:  ¶¶ 68-73**

>   The Defendant objects, stating that paragraphs 68-73 make allegations which rise only to the mere level of rank speculation, that the Defendant started the fire at 10 Sheldon Street.  There is no evidence that the Defendant was at the residence on February 18,

    2008, and June 23, 2008, or any corroboration to the Government's claim that he set the fires, other than the fact that he allegedly had a dispute with one of the occupants. Should the Court rely upon said facts to enhance the Defendant's sentence above and beyond what has been determined by United States Probation in paragraph 65, the Defendant holds the Government to its proof.

**AMENDED OBJECTION:   The Defendant admits that two fires were set at two separate residences, occupied by Julio Gonzales.  The Defendant also admits that Ms. Ottillia Tejeda reported the information in paragraph 68, and that Julio Gonzales reported the information in paragraphs 69-71.  However, the Defendant DENIES that he threatened Mr. Julio Gonzales, or that he wrote down Mr. Gonzales' address on a sheet of paper.  The Defendant therefore seeks an evidentiary hearing, to test the veracity and reliability of Mr. Gonzales' statements to law enforcement.  The Defendant submits that before the Court rely upon the Government's proffer (consisting of Gonzales' alleged statements), to demonstrate that the Defendant had the motive/intent to set the fires at the two above locations (as alleged in paragraph 72) that the Court first find those facts to be true by a preponderance of the evidence.**

**With respect to paragraph 73, the Defendant withdraws his objection to paragraph 73.**

**OBJECTION #9:  ¶¶ 77-78**

    The Defendant objects, stating that paragraphs 77-78 make allegations which rise only to the mere level of rank speculation, that the Defendant started the fire at 60 Common Street, Lawrence.  There is no evidence that the Defendant was at the night club on March 14, 2008, or any evidence that he knows the owner or any patrons of the club, or that he had an intent to set the club ablaze.  Concerning the vehicle that was allegedly present at the nightclub, and which allegedly matched the Defendant's vehicle, there was no evidence presented that Defendant's vehicle was the actual vehicle present at the time of the fire, nor is there evidence that the Defendant had exclusive access to his vehicle, assuming of course that the Government can even place the vehicle at the night club by a preponderance of the evidence.  Should the Court rely upon the above stated facts to enhance the Defendant's sentence above and beyond what has been determined by United States Probation in paragraph 65, the Defendant holds the Government to its proof.

**AMENDED OBJECTION:  The Defendant does not dispute the factual allegations made in paragraphs 77-78, namely that a fire was set at 60 Common Street, Lawrence.  The Defendants also does not dispute that the vehicle seen going to and coming from the fire is similar in color and style to a vehicle registered to the Defendant.  The Defendant further does not dispute that a forensic search of the computer in question showed a google search entitled "fire in a night club".   Insofar as the Government claims that their showing in paragraphs 77-78 demonstrates by a preponderance of the evidence that the Defendant was the responsible party who set the fire, the Defendant does not acquiesce in that inference.**

3

**OBJECTION #10: ¶¶ 81-84**

    The Defendant objects, stating that paragraphs 81-84 make allegations which rise only to the mere level of rank speculation, that the Defendant started the fire at 733 Concord Avenue, Cambridge. There is no evidence that the Defendant was at the location on September 6, 2008, or any evidence that he had an intent to set the building ablaze. Should the Court rely upon said facts to enhance the Defendant's sentence above and beyond what has been determined by United States Probation in paragraph 65, the Defendant holds the Government to its proof.

**AMENDED OBJECTION: The Defendant does not dispute the factual" allegations made by the Government in paragraphs 81-84. Insofar as the Government has claimed that their factual allegations in paragraphs 81-84 demonstrates by a preponderance of the evidence, that the Defendant was the responsible party who set the fire at E-ink Corporation, the Defendant does not acquiesce in that inference.**

**OBJECTION #11: ¶¶ 86-89**

    The Defendant objects, stating that paragraphs 86-89 make allegations which rise only to the mere level of rank speculation that the Defendant started the fire at 138 South Street, Roslindale. There is no evidence that the Defendant was at the location on January 6, 2009. Should the Court rely upon said facts to enhance the Defendant's sentence above and beyond what has been determined by United States Probation in paragraph 65, the Defendant holds the Government to its proof.

**AMENDED OBJECTION: The Defendant does not dispute that a fire took place at Maria's Hair Salon on January 6, 2009. The Defendant also does not dispute that a report was made that on or about March of 2006, a male was observed using a hammer to break the window of Maria's Hair Salon, and threw a burning object inside, and that the male was described as a light-skinned Hispanic or white male, about six feet in height, who fled the area in a white or silver Lexus IS 300. The Defendant, however, would seek an evidentiary hearing to confront the witness who made this report, to test the veracity and reliability of the report. The Defendant requests that the Court make a finding of fact on this issue, before any determination is made that the Government has demonstrated by a preponderance of the evidence that the Defendant was responsible for fire to Maria's Hair Salon in March of 2006. The Defendant also requests that the Registry of Motor Vehicle records, which revealed that the Defendant was the registered owner of a gray Lexus IS 300 be admitted into evidence, and that the Court find these facts to be true before determining whether the Government's proof establishes by a preponderance of the evidence that the Defendant was responsible for the fire to Maria's Hair Salon in March of 2006.**

**The Defendant also DENIES any claim by the Government that he had reason to resent Ms. Maria Joseph as of January 9, 2009. Should the Court rely upon any statements allegedly made by Ms. Maria Joseph, that the Defendant's alleged "cries and pleas" to**

4

**continue a dating relationship with her is sufficient evidence to find by a preponderance of the evidence that the Defendant had reason to resent Ms. Joseph, and therefore rely upon said resentment as motivation to set either fire, then the Defendant would also seek an evidentiary hearing to determine the reliability and accuracy of those statements, and that they be put in their proper context.**

**Other than the above disputes, the Defendant does not contest the balance of the Government's allegations in paragraphs 86-89.**

**OBJECTION #12: ¶¶ 91-95**

    The Defendant objects, stating that paragraphs 91-95 make allegations which rise only to the mere level of rank speculation that the Defendant started the fire at 22 Sigorney Street. There is no evidence that the Defendant was at the location on February 7, 2009, or any evidence that he had an intent to set the building ablaze. There is also no evidence that the Defendant knew the occupants at 22 Sigorney Street, and thus the Government's presentation lacks even a remote connection to the location. Should the Court rely upon said facts to enhance the Defendant's sentence above and beyond what has been determined by United States Probation in paragraph 65, the Defendant holds the Government to its proof.

**AMENDED OBJECTION: The Defendant does not dispute that a fire took place at 22 Sigorney Street on February 7, 2009, and at 111 School Street on January 28, 2009. The Defendant also does not dispute the balance of the Government's allegations in paragraphs 91-95. The Defendant merely contests the Government's proffer, as establishing by a preponderance of the evidence that the Defendant set the 22 Sigorney Street fire, as well as the fire at 111 School Street.**

**OBJECTION #13: ¶ 109**

    The Defendant seeks to clarify the record, as his father is married.

**AMENDED OBJECTION: WITHDRAWN, as the report has since been amended.**

**OBJECTION #14: ¶ 64**

    The Defendant objects to United States Probation's failure to grant him an additional point under USSG §3E1.1(b). The Defendant states that he received notice of the Court's Denial of his Motion to Suppress, in late July 2012, and in short order, notified the Government of his intent to plead guilty after his counsel filed a Notice of Appearance on August 8, 2012. The trial was set by the Court for September 4, 2012 – an extremely narrow window of time to allow for a seasonably and prompt Rule 11 hearing before trial. Furthermore, the Defendant sought to tender his admission of guilt long before the actual Rule 11 hearing (August 28, 2012) but it could only be scheduled for that date, due to personal scheduling conflicts by his counsel. Moreover, counsel for

5

the Defendant repeatedly urged the Government to stop preparing for trial, and in spite of those urgings, the Government continued to prepare. As a consequence of all of the above, it is not the Defendant who should lose an entitled point of acceptance of responsibility, based upon the Court's scheduling of trial, his counsel's unavailability, and the Government's decision, in light of the tight schedule set by the Court to "play it safe" – a discretionary but not unreasonable strategy.

**AMENDED OBJECTION: The Defendant does not withdraw this objection, but suggests it would be moot, should the Court sentence the Defendant outside the guidelines.**

JOSE BAEZ
By his Attorney,

/s/Gordon W. Spencer
Gordon W. Spencer, Esq.
945 Concord Street
Framingham, MA 01701
BBO #630488
(508) 231-4822

Dated: December 10, 2012

### CERTIFICATE OF SERVICE

I, the undersigned hereby certify that I have served a copy of the Defendant's Amended Objections to his Pre Sentence Report, and upon all counsel and probation officers of record, via electronic transmission this 10th of December, 2012

/s/Gordon W. Spencer